SCOTT E. BRADFORD, OR #062824
United States Attorney
District of Oregon
**ETHAN G. BODELL, PA #321830**
Special Assistant United States Attorney
Ethan.Bodell@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204
Telephone: (503) 727-1000
Attorneys for United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **6:26-cr-00299-MC** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **JANETTE TRUDGEON,** | |
| **Defendant.** | |

## INTRODUCTION

Defendant will appear before this Court on November 24, 2026, to plead guilty to theft of government funds in violation of 18 U.S.C. § 641. Pursuant to the plea agreement, the parties jointly recommend a sentence of one year of probation and $57,312.57 in restitution.

## FACTUAL BACKGROUND

### A. The Offense Conduct

The presentence report (PSR) accurately states the facts of defendant's offense as stipulated in the plea agreement. PSR ¶¶ 15–19. Defendant's mother, a recipient of monthly

social security benefits, passed away in 2018. Unaware of her death, the Social Security Administration ("SSA") continued making monthly benefit payments into her bank account despite no payments being due. Payments continued until 2025, when the SSA learned that defendant's mother was deceased. Likewise, believing defendant's mother to be alive, between 2020 and 2021 the Treasury Department deposited three COVID-19 Economic Impact Payment stimulus checks totaling $3,200 into her account.

After the funds were deposited, defendant routinely used her deceased mother's debit card to access the funds for personal use. This included ATM cash withdrawals and point-of-sale purchases for several years after her mother's death. In total, the federal government deposited $96,521 into defendant's mother's bank account after her death. Upon learning of her death in 2025, the government attempted to reclaim the overpaid funds from the account. $39,208.43 was able to be reclaimed, but $57,312.57 had already been spent.

### B. Information and Plea

On August 14, 2026, defendant was charged by information with one count of Theft of Government Funds in violation of 18 U.S.C. § 641. ECF No. 1. She will appear before this Court on November 24, 2026, for arraignment, a change of plea hearing, and sentencing. ECF No. 4.

## GUIDELINES AND RECOMMENDATION

### A. Guidelines Computation

The parties agree to the applicability of the following offense-level calculation:

| | | |
|---|---|---|
| USSG § 2B1.1(a)(2) | Base Offense Level | 6 |
| USSG § 2B1.1(b)(1)(D) | Loss Greater Than $55,000 | +6 |
| USSG § 3E1.1 | Acceptance of Responsibility | -2 |
| **Adjusted Offense Level** | | **10** |

The parties also jointly recommend an additional two-level downward variance under § 3553(a) for defendant's early resolution of the case—she admitted responsibility, waived indictment, and agreed to plead guilty immediately after being charged—resulting in a total offense level of 8.

**B. Criminal History**

Defendant's only criminal history is a 2013 DUI conviction, for which she paid a fine. PSR ¶ 36. She is in Criminal History Category I. PSR ¶ 37.

**C. Guideline Sentencing Range**

With a Criminal History Category of I and a total offense level of 8, the advisory guideline sentencing range is 0–6 months' imprisonment. USSG § 5A.

**D. Probation's Recommended Sentence**

The PSR writer follows the parties' joint recommendation of one year of probation and $57,312.57 in restitution. *See* PSR at 1 (Sentencing Recommendation).

**D. Government's Recommended Sentence**

While not bound by the Sentencing Guidelines, district courts must consult the guidelines and take them into account when sentencing. *United States v. Booker,* 543 U.S. 220 (2005). The sentencing guidelines are advisory and one of the statutory factors this Court must consider when imposing a sentence. *See* 18 U.S.C. § 3553(a)(4); *United States v. Rita*, 551 U.S. 338, 347-48 (2007). The guideline serves as "the starting point and the initial benchmark" in every sentencing proceeding and "reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." *Gall v. United States*, 552 U.S. 38, 49 (2007); *Rita*, 551 U.S. at 350. The guidelines serve as a "lodestone" at sentencing, and "cabin" or "anchor" a sentencing court's

discretion. *Peugh v. United States*, 569 U.S. 530, 531 (2013). While advisory, the Supreme Court has observed that, "[c]ommon sense indicates that in general, this system will steer district courts to more within-guidelines sentences." *Id.*

Under the facts of this case, the parties—along with the Probation office—agree that a sentence of imprisonment is not warranted. Defendant accepted responsibility at an early stage, waived indictment, and agreed to plead guilty quickly after being charged, thereby saving the government and the Court significant time and resources preparing for a trial. She has minimal criminal history and has faced no additional charges or violations of any kind since the information was filed in this case. Accordingly, pursuant to the plea agreement, the government recommends a sentence at the low end of the guideline range: one year of probation, $57,312.57 in restitution ($54,112.57 to SSA and $3,200 to the Treasury Department), and a $100 special assessment.

This recommendation satisfies the requirement of 18 U.S.C. § 3553(a) that a sentence be "sufficient, but not greater than necessary" to meet the purposes of § 3553(a)(2).

**CONCLUSION**

Based on the foregoing, the government recommends a sentence of one year of probation, $57,312.57 in restitution, and a $100 special assessment.

Dated: November 18, 2026.

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

*s/ Ethan G. Bodell*
ETHAN G. BODELL, PA #321830
Special Assistant United States Attorney